UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                          Chapter 11

8501 Fort Hamilton Parkway Ltd.,                                  Case No. 24-44150-NHL

                                          Debtor.
--------------------------------------------------------X

**DEBTOR'S MOTION SEEKING TO MODIFY AND VACATE CERTAIN
ASPECTS OF THE PRIOR STIPULATION AND ORDER
AUTHORIZING, *INTER ALIA*, THE SALE OF THE DEBTOR'S PROPERTY**

**TO THE HONORABLE NANCY H. LORD
UNITED STATES BANKRUPTCY JUDGE:**

      8501 Fort Hamilton Parkway Ltd. (the "Debtor"), by and through its bankruptcy counsel, Goldberg Weprin Finkel Goldstein LLP, as and for its motion (the "Motion"), seeking an Order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable through Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to modify and vacate certain aspects of the Stipulation and Order, dated April 18, 2025 [ECF No. 46] (the "Stipulation"), authorizing, *inter alia*, the sale of the Debtor's property located at 8501 Fort Hamilton Parkway, Brooklyn, NY (the "Property"), respectfully represents and shows this Court as follows:

**PRELIMINARY STATEMENT**

      1.     As directed during the last hearing on this matter, the Debtor is filing this Motion to reconsider certain aspects of the Stipulation relating primarily to the veto powers of Flagstar Bank, N.A., successor by merger to New York Community Bank's (the "Lender") relating to its acceptance of the high bid obtained at a bankruptcy auction conducted on July 17. Although the auction was almost a month ago, the Lender still has not made a final decision, which is frustrating the completion of the sale process.

2. This Motion is borne out of extraordinary circumstances that warrant application of equitable principles to modify the Stipulation so as to allow the Debtor to proceed with an auction sale of the Property pursuant to a plan of liquidation and clarify the carve-out for professionals.

3. Among other things, the Debtor's principal was stricken with cancer and is undergoing ongoing treatments at Memorial Hospital. Despite this unfortunate turn of events, the Debtor still pursued an auction sale of the Property under the auspices of Northgate Real Estate Group ("Northgate") as its duly retained broker [ECF No. 45]. Relatively speaking, the auction was wildly attended on July 17 and garnered substantial competitive bidding, with a high bid of $4.2 million received as per the Notice of Auction Results filed on July 21, 2025 [ECF No. 53].

4. Pursuant to the term of the Stipulation, the Lender retains the right to veto the high bidder and obtain relief from the automatic stay on five days' notice instead of concluding the sale process. Specifically, paragraph 11(c) of the Stipulation provides as follows:

> In the event there is no third party Successful Bidder acceptable to Lender, Lender's Motion for Relief from the Automatic Stay shall be granted on five days' notice at the July 22, 2025 hearing date.

Stipulation, ¶11(c).

5. To date, the Lender has not definitively committed to exercising its veto rights but this appears to be on the horizon even though the auction presented the best possible result that could be achieved under the circumstances. Given the comprehensive efforts made in conducting the auction sale, a return to the state court to complete a foreclosure in Brooklyn, NY may take many months, if not years to conclude. There is no discernable benefit to any creditors or parties-in-interest from lifting the automatic stay. Instead, common sense dictates that the Stipulation should be modified to remove the Lender's absolute veto powers, with the decision as to whether

the stay should be vacated to be made by the Court after taking into consideration the interests of all stakeholders.

## BACKGROUND

6. On October 4, 2024, (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of Bankruptcy Code and has since continued in the operation and management of its business pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

7. On January 24, 2025, the Lender filed a motion for relief from the automatic stay [ECF No. 24]. The Debtor filed responses thereto, including by filing a motion to authorize the auction sale of the Property [ECF Nos. 29 and 40].

8. Thereafter, the Debtor and Lender agreed to, *inter alia*, pursue a consensual sale process with Northgate designated as the Court-appointed broker.

9. Northgate conducted an auction on July 17, 2025 pursuant to the Stipulation. The auction ended with a high bid of $4.2 million from Nancy Xu. [ECF No. 53] and a back-up bid of $4.18 million by Eduard Korskinsky. At the July 22 hearing to approve the auction results, the Court directed the Debtor to file this Motion and adjourned all matters to August 19, 2025.

10. The record established that the auction conducted by the Debtor's estate generated the best possible value for the Property and that the Lender cannot reasonably expect to do any better in foreclosure. Moreover, the undersigned has engaged in a myriad of services in furtherance of implementing a successful reorganization for the benefit of all parties, including the Lender. Accordingly, the carve-out under the Stipulation should not be limited to available rents per se, but should be paid from the proceeds of a sale or the Lender in the event of a credit bid.

**RELIEF REQUESTED**

11. Relief from the Stipulation is sought under Federal Rule 60(b)(6) as made applicable by Bankruptcy Rule 9024, which provides the following:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

12. Federal Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief or when the judgment may work an extreme and undue hardship." *53rd Street, LLC v. U.S. Bank National Association*, No. 18-CV-4203 (AMD) (VMS), 2023 WL 8283656, at *3 (E.D.N.Y. Nov. 30, 2023) (quoting *Simone v. Prudential Ins. Co. of Am.*, 164 F. App'x 39, 40 (2d Cir. 2006)). Relief under Federal Rule 60(b) is within the sound discretion of the Court, which may be exercised whenever appropriate to accomplish justice. *In re Krautheimer*, 210 b.R. 37, 43 (Bankr. S.D.N.Y. 1997) (citing *Quevedo v. Postmaster, USPS,* 774 F.Supp. 837, 839 (S.D.N.Y.1991)).

13. The Debtor submits that extraordinary circumstances are present here based upon the fact that: (i) the Debtor's principal has been affected by a serious illness, which has impeded his efforts at refinancing the mortgage debt covering the Property; (ii) the Debtor and its professionals simultaneously pursued a comprehensive auction sale process, which invited numerous competitive bids and a high bid of $4.2 million; and (iii) paragraph 11(c) of the Stipulation should not allow the Lender to upend all of Debtor's efforts at refinancing or selling the Property pursuant to a liquidating plan merely because the Lender refuses to recognize the true market value of the Property. Additionally, rent collections have been impeded by the health of

the Debtor's principal, and, thus, the professional carve-out should be paid from whatever source exists.

**WHEREFORE**, the Debtor respectfully request that this Court grant relief consistent with the foregoing.

Dated: New York, New York
       August 6, 2025

GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
*Counsel for the Debtor*
125 Park Avenue, 12th Floor
New York, NY 10017
212-221-5700

By:   /s/ *Kevin J. Nash, Esq.*